UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA TAYLOR,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PAUL, *et al.*,<br><br>　　　　　　Defendants. | CAUSE NO. 3:19-CV-470-DRL-MGG |

OPINION & ORDER

Joshua Taylor, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 12.) Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court remains ever mindful that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Mr. Taylor's complaint is somewhat difficult to parse, but he seems to complain about events occurring on January 18, 2019 at Miami Correctional Facility. He claims that, around 7:00 p.m., he was having chest pains. The pain became so "unbearable" that it caused him to kneel down on the floor and hold his chest. He reported his chest pain to Officer Benjamin (first name unknown), but Officer Paul (first name unknown) walked in and pulled out his TASER device, telling Mr. Taylor to get back to his cell. Mr. Taylor complied, but continued to feel ill.

Around 8:50 p.m., he began feeling lightheaded and ultimately passed out, hitting his head on the floor. Another offender walked over and told Officer Benjamin what happened; but, according to Mr. Taylor, Officer Benjamin just "laughed." Officer Paul then returned and again threatened to use his TASER on Mr. Taylor, which caused him to become so fearful that he urinated on himself. He was then taken to see a nurse, who allegedly refused to check his head injury. Nurse Angie (last name unknown) told Mr. Taylor there was nothing wrong with him. Mr. Taylor claims Nurse Angie didn't

like him because he had previously sued her. He was then taken back to the dorm and was given a urine test, which he passed. He filed a grievance about this incident in early February 2019, but he claims that the grievance specialist, Shawna Morson, mishandled his grievance and acted "unprofessional." Based on these events, Mr. Taylor sues Officer Paul, Officer Benjamin, Nurse Angie, and Ms. Morson, seeking monetary damages.

Under the Eighth Amendment, prisoners are entitled to constitutionally adequate medical care. To establish such a claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Giving Mr. Taylor the inferences to which he is entitled at this stage, he has alleged a plausible Eighth Amendment claim against Officer Benjamin and Officer Paul. He alleges that he told these defendants he was experiencing significant chest pain; instead of obtaining treatment for him, he says they laughed at him and threatened to use a TASER on him. Because of the lack of treatment, he alleges that he became lightheaded, passed out, and injured his head. As for Nurse Angie, Mr. Taylor claims that she provided him no treatment for his head injury, nor did she assess the reason for his chest pain, and instead simply told him there was nothing wrong with him. It can be plausibly inferred from Mr. Taylor's allegations that her actions were not based on a medical judgment, but on her personal dislike of Mr. Taylor. He will be permitted to proceed against these defendants.

As for Ms. Morson, the only allegation against her is that she mishandled his grievance. This doesn't give rise to a constitutional claim. *Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016). The Constitution does not require that jails or prisons provide a grievance procedure at all, nor does the existence of a grievance procedure create any constitutionally guaranteed rights. *Id.* Mr. Taylor doesn't allege, nor is there any basis to infer, that Ms. Morson's actions somehow contributed to his injury or prevented him from obtaining needed medical care. Accordingly, she must be dismissed.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Officer Paul (first name unknown), Officer Benjamin (first name unknown), and Nurse Angie (last name unknown) in their personal capacities on a claim for monetary damages under the Eighth Amendment for failing to provide treatment for plaintiff's chest pain and head injury occurring on January 18, 2019;

(2) DISMISSES all other claims;

(3) DISMISSES Shawna Morson as a defendant;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Paul (first name unknown), Officer Benjamin (first name unknown), and Nurse Angie (last name unknown), and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service;

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Paul, Officer Benjamin, and Nurse Angie to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

June 22, 2020                                         *s/ Damon R. Leichty*
                                                      Judge, United States District Court