UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA TAYLOR,

    Plaintiff,

    v.       CAUSE NO. 3:19-CV-00470-DRL-MGG

PAUL, et al.,

    Defendants.

OPINION AND ORDER

Joshua Taylor, a prisoner without a lawyer, filed this action under 42 U.S.C. § 1983. Mr. Taylor was granted leave to proceed on a claim against Officer Matthew Paul, Officer Marquis Benjamin, and Nurse Angel Mercier (referred to in the complaint as "Nurse Angie") for failing to provide him with adequate medical treatment relating to an injury he suffered on January 18, 2019, at Miami Correctional Facility (MCF). The officers and Nurse Mercier separately move for summary judgment on the ground that Mr. Taylor failed to exhaust his available administrative remedies before filing suit as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. (ECF 34; ECF 38.) Mr. Taylor has filed a response labeled, "Motion for Opposition," in which he objects to the entry of summary judgment. (ECF 43.)

Under Federal Rule of Civil Procedure 56, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine dispute of fact exists, the court must consider the evidence in the

record in the light most favorable to the non-moving party, and draw all reasonable inferences from that evidence in favor of the non-moving party. *Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018).

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner…until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of the exhaustion requirement is "to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). The law takes a "strict compliance approach" to exhaustion. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Id.* at 1024.

At all relevant times, MCF had a grievance policy in place, which consists of three steps: (1) a formal grievance; (2) a written appeal to the Warden or his designee; and (3) a written appeal to the Indiana Department of Correction Grievance Manager. (ECF 40 at 16.) Inmates may grieve a variety of matters, including actions of "individual staff, contractors, or volunteers." (*Id.*) Under the policy, a grievance must be filed "no later than ten (10) business days from the date of the incident giving rise to the complaint[.]" (*Id.* at

22.) Inmates are made aware of the grievance policy upon their arrival at MCF, and a copy is also available in the prison law library. (*Id.* at 6.)

Official grievance records reflect that Mr. Taylor filed upwards of 50 grievances between January 2018 and June 2019, when he was incarcerated at MCF. (ECF 37-2.) As pertains to this case, Mr. Taylor filed a grievance on February 4, 2019, relating to the incident occurring on January 18, 2019. (ECF 37-3.) In the grievance, Mr. Taylor complained that Officer Benjamin and Officer Paul failed to obtain medical attention for him when he was suffering from chest pain, causing him to lose consciousness, fall, and hit his head. He further complained that Nurse Mercier came to his cell after the incident but refused to provide him with proper medical treatment. Grievance Specialist Shawna Morson responded to the grievance on February 6, 2019, advising Mr. Taylor that his grievance was filed too late to be considered. (ECF 37-3 at 1.)

As outlined above, the official grievance process at MCF consists of three steps: (1) a formal grievance; (2) an appeal to the warden; and (3) an appeal to the grievance manager. Under the policy, an inmate must file the grievance within 10 business days of the underlying incident. Here, Mr. Taylor is complaining about an incident that occurred on January 18, 2019, so the last possible date for filing a timely grievance was February 1, 2019. His grievance filed on February 4, 2019, was thus untimely.

Mr. Taylor acknowledges that he gave the grievance to his caseworker on February 4, 2019, but complains that Ms. Morson "waited 24 [hours] before reviewing" it. (ECF 43 at 1.) The policy allowed Ms. Morson five business days to accept or reject the grievance, but regardless, the dispositive fact is that Mr. Taylor filed the grievance in an

3

untimely manner, not when Ms. Morson responded to it. Mr. Taylor also argues that Ms. Morson "wasn't truthful stating [he] never tried to file a grievance." (ECF 43 at 2.) However, Ms. Morson does not claim that Mr. Taylor never filed a grievance, only that the grievance he filed was untimely.

Mr. Taylor also points to a "request for interview" form he submitted to the medical unit on January 20, 2019, in which he complained that he had been denied adequate care for a head injury and was still having headaches. (ECF 43 at 4.) This form does not mention anything about the two correctional officers; but more important, documents filed outside the prison's formal grievance process do not satisfy the exhaustion requirement. *Dole*, 438 F.3d at 809; *Pozo*, 286 F.3d at 1025. He also submits what appears to be another grievance complaining about the conduct of Nurse Mercier and a non-party, Nurse Joan Hill, but it does not contain a log number and it is unclear whether he ever actually turned it in. (ECF 43 at 5.) To avoid summary judgment, he must provide specifics about his efforts to exhaust. *See Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013). Additionally, this grievance is also dated February 4, 2019, which would be too late for him to grieve Nurse Mercier's conduct occurring on January 18, 2019. Thus, the record shows that Mr. Taylor did not file a timely grievance.[1] *Pozo*, 286 F.3d at 1025.

---

[1] Mr. Taylor does not expressly raise this argument, but given his *pro se* status, the court has considered whether he could assert an argument that he was physically unable to file a grievance by the deadline. *See Lanaghan v. Koch*, 902 F.3d 683, 689 (7th Cir. 2018) (holding that a grievance process is not available "to a person physically unable to pursue it"). However, at most the record shows that Mr. Taylor may have been incapacitated on the date of the incident, when he allegedly lost consciousness and hit his head. There is nothing to suggest that he was still incapacitated on February 1, 2019, when the deadline for submitting a timely grievance expired. Indeed, the record shows that as of January 20, 2019, he was capable of completing a "request for interview" form, in which he wrote legibly and made cogent arguments in support of his need to be seen by

Furthermore, if Mr. Taylor disagreed with Ms. Morson's handling of his grievance, he had additional remedies available under the grievance policy. The grievance policy specifically provides that applicable deadlines may be extended where there are "extenuating circumstances," but the inmate must explain the reason for the delay in writing. (ECF 37-1 at 13.) There is nothing in the record to show that Mr. Taylor availed himself of this remedy, or that he made any attempt to appeal the rejection of his grievance as untimely after it was returned to him. Therefore, the record shows that he did not exhaust his available administrative remedies before filing suit.

For these reasons, the motions for summary judgment (ECF 34; ECF 38) are GRANTED. This case is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a).

SO ORDERED.

March 22, 2021                                           *s/ Damon R. Leichty*
                                                         Judge, United States District Court

---

medical staff for headaches. Thus, any incapacitation argument would be unavailing. *See Hurst v. Hantke*, 634 F.3d 409, 412 (7th Cir. 2011) (inmate who is incapacitated during the grievance period must file a grievance "as soon as it was reasonably possible for him to do so").